TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00603-CV






Amanda Salazar, Appellant


v.


Texas Department of Family and Protective Services, Appellee






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT

NO. C-09-0124-CPS, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Amanda Salazar appeals from a district court order terminating her parental rights
to her child, A.S. The district court has found the appeal to be frivolous. See Tex. Fam. Code Ann.
§ 263.405 (West 2008); Tex. Civ. Prac. & Rem. Code Ann. § 13.003(b) (West 2002). Salazar's
court-appointed counsel has reached the same conclusion and filed a brief pursuant to Anders
v. California, 386 U.S. 738, 744 (1967).

 As no reporter's record of the termination trial has been provided, the following
summary of the case is taken from documents filed with the district court and made a part of the
clerk's record, including the permanency plans and progress reports of the Texas Department of
Family and Protective Services (the Department) and the report of the Court Appointed Special
Advocates (CASA). (1) On June 18, 2009, narcotics detectives with the San Angelo Police Department
executed a search warrant on Salazar's home. Inside, they found "half a pound of marijuana and
three and ½ ounces of pure crystal methamphetamine." Also found inside the residence at the time
of the search were Salazar and a "young female child," later identified as four-year-old A.S. Salazar
was arrested for drug possession, and A.S. was removed from her care.

 Salazar was subsequently released on bond and began participating in a court-ordered
Service Plan to obtain family reunification. However, in August 2009, Salazar was arrested
by federal authorities and confined in a federal holding facility. She later pleaded guilty to the
federal offense of Possession with Intent to Distribute Less Than 50 Kilograms of Marijuana
and was sentenced to 46 months' incarceration. While in prison, Salazar signed an affidavit of
relinquishment of her parental rights. See Tex. Fam. Code Ann. § 161.103 (West 2008).

 Shortly thereafter, the Department filed a petition to terminate Salazar's
parental rights. Following a termination trial, the district court found by clear and convincing
evidence that Salazar had executed an unrevoked and irrevocable affidavit of relinquishment of her
parental rights and that termination was in the best interest of the child. (2) See id. § 161.001(1)(K),
(2) (West Supp. 2010).

 Salazar timely filed a "Motion for New Trial and Notice of Appeal" in which
she complained of her inability to attend the trial due to her incarceration and asserted that she
had signed the affidavit of relinquishment based on misrepresentations made by the child's caregiver.
Following a 263.405(d) hearing, see id. § 263.405(d), the district court found that "no new
evidence or information has come to the attention of the Court which would change the Court's
decision regarding the findings and orders of the Court or warrant a new trial." Consequently, the
district court denied Salazar's motion for new trial and found her appeal to be frivolous.

 Salazar's court-appointed counsel has filed a motion to withdraw and an Anders brief,
concluding that Salazar's appeal is frivolous and without merit. Counsel's brief meets the
requirements of Anders by presenting a professional evaluation of the record and demonstrating
that there are no arguable grounds for appeal. See Anders, 386 U.S. at 744; see also Taylor v. Texas
Dep't of Protective & Regulatory Servs., 160 S.W.3d 641, 646-47 (Tex. App.--Austin 2005,
pet. denied) (applying Anders procedure in appeal from termination of parental rights). Salazar was
provided with a copy of counsel's brief and was advised of her right to examine the appellate record
and to file a pro se brief. No pro se brief has been filed.

 We have reviewed the record and counsel's brief and agree that the appeal is frivolous
and without merit. We find nothing in the record that might arguably support the appeal. See
Anders, 386 U.S. at 741-44; Taylor, 160 S.W.3d at 646-47. We affirm the district court's order of
termination and grant counsel's motion to withdraw.



 __________________________________________

 Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Rose

Affirmed

Filed: May 5, 2011
1. In its termination order, the district court stated that it had "examined and taken judicial
notice of all the pleadings and affidavits filed with the Court."
2. Because Salazar was incarcerated at the time of trial, she did not appear in person.
However, she did appear through her court-appointed attorney.